IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SADAKA T. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.  2:15-cv-166-WKW |
| | ) | [wo] |
| EGAR CASTLBERRY, | ) | |
| | ) | |
| Defendant. | ) | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 5, entered March 24, 2015).  By Order entered this same date, the Court granted permission for Sadaka Davis, a frequent *pro se* litigant in this Court, to proceed *in forma pauperis*, but stayed further proceedings on his Complaint pending review under 28 U.S.C. § 1915(e)(2)(B).[1]

### I.  BACKGROUND

On March 16, 2015, Plaintiff Sadaka Davis ("Plaintiff" or "Davis") filed the complaint in this case alleging Egar Castlberry[2] [sic] improperly evicted him.  This complaint is one of many filed in this Court by Davis which relates to an incident which occurred back in November 2014. *See  Davis v. Hardesty*, Civ. Act. No. 2:15-cv-11-MHT, *Davis v. Reynolds*, 2:15-cv-12-MHT.  In the instant complaint, Davis alleges Edgar Castleberry improperly filed an unlawful detainer and

---

[1]    The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

[2]    Plaintiff refers to him as Egar Castleberry, but a review of prior cases filed by Mr. Davis indicates the correct spelling is Edgar Castleberry

eviction action against him, refused to return Davis' security deposit and personal property, and took aware Davis' home.  Davis alleges he did not receive due process by the courts and that his 1st, 5th, 7th, and 14th Amendment rights were violated.  *See* Doc. 1, Complaint at ¶ 5. He alleges the violation occurred on November 4, 2014 at his home in Clanton, AL as well as the district and circuit court systems.  As relief, Davis requests $50,000.00 and ownership of the home at issue.  *Id*. at ¶ 6.

On December 2, 2015, the Court granted Davis' request to proceed *in forma pauperis*, but determined the complaint on its face failed to establish jurisdiction and had legal defects.  His amended complaint was due on December 18, 2015.  To date, no response or amended complaint has been filed.

## II.   JURISDICTION

The district court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).  Davis brings claims for violations of the 1st, 5th, 7th, and 14th Amendments of the United States Constitution through 42 U.S.C. § 1983.  The Court now conducts its mandatory review of complaints brought by litigants seeking to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1).

## III.   DISCUSSION AND ANALYSIS

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure.  Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).  When reviewing a case proceeding pursuant to 28 U.S.C. § 1915, the court should first determine whether the plaintiff is unable to

prepay costs and fees and therefore a pauper under the statute. *See* 28 U.S.C. § 1915(a). Second, once leave has been granted, the court shall dismiss a case by a plaintiff proceeding *in forma pauperis* at any time if it determines that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1491-92 (11th Cir. 1997) (Lay, J. concurring) (Section 1915(e) applies to all litigants proceeding *in forma pauperis*).

At any stage of the proceedings, a case is frivolous for the purpose of § 1915(e)(2)(B) when it appears the plaintiff "has little or no chance of success." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (quoting *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)). A court may conclude that a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992) (dismissal of claims when "clearly baseless"). Thus, the court may "spare the defendant the inconvenience and expense of answering a frivolous complaint." *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. 1981).[3] In ascertaining whether Davis' Complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B), the Court follows the same standard as it would when determining whether to dismiss an action under Rule 12(b)(6) for failure to state a claim. *Farese v. Scherer*, 342 F.3d 1223, 1230 (11th Cir. 2003). The Court assumes the truth of all Davis' allegations for purposes of this determination. *Williams v. Mohawk Industries, Inc.*, 465 F.3d 1277, 1284 (11th Cir. 2006).

---

[3] *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

**A.     Rooker-Feldman**

The Rooker-Feldman doctrine places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82, 103 S.Ct. 1303, 1311-15, 75 L.Ed.2d 206 (1983).  The Eleventh Circuit has described the Rooker-Feldman doctrine as follows:

> The Rooker-Feldman doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts. The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are "inextricably intertwined" with a state court judgment. A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.

*Goodman ex. rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001) (citing *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000)).  The Supreme Court has noted the doctrine is narrow and is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L.Ed.2d 454 (2005); *see also Molina v. Aurora Loan Servs.*, 2015 U.S. App. LEXIS 20877 (11th Cir. Dec. 2, 2015) (quoting *Exxon Mobil*).  In short, this Court cannot review and reverse a state court civil judgment.

In the state district court proceeding and circuit court appeal, Davis sought to have the unlawful detainer judgment set aside.  *See Edgar Castleberry v. Sadaka Tyqua Davis*, Chilton County District Court Case No. DV-2014-900120.00.  A review of the publicly available state

court docket shows this case was concluded in the state court proceedings when his appeal was dismissed on December 16, 2014. *See Edgar Castleberry v. Sadaka Davis*, Chilton County Circuit Court Case No. CV-2014-000065.00.

Davis' complaint seeks injunctive relief (in the form of ownership of the home at issue) by setting aside the orders entered in the state court action and $50,000.00 to compensate him for pain and suffering. This falls squarely within the ambit of the Rooker-Feldman doctrine. This Court cannot review and review the state court judgment.

**B.    Section 1983 Claims Against a Private Actor**

Even if Davis' claims were not barred under Rooker-Feldman, the claims still fail because Defendant Castleberry is a private citizen and not state actor. 42 U.S.C. § 1983 provides a remedy when a person acting under color of law deprives a plaintiff of a right, privilege, or immunity security by the Constitution, laws, or treaties of the United States. *See* 42 U.S.C. § 1983.[4] In his complaint, Davis identifies the 1st, 5th, 7th, and 14th Amendments. Taking the factual allegations of Davis' complaint as true (which the court must do when performing a review under 28 U.S.C. § 1915), Davis complains that he was not given due process in the state court detainer action. The Due Process Clause of the Fourteenth Amendment provides no state "shall … deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV, § 1. "Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property." *Carey v. Piphus*, 435 U.S. 247, 259, 98 S. Ct. 1042, 1050, 55 L. Ed. 2d 252 (1978). In this case, Davis

---

[4]    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

alleges a deprivation of property by Defendant Castleberry without due process of law.  *See* Doc. 1 ¶ 5.

"In this circuit, a § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process."  *Arrington v. Helms*, 438 F.3d 1336, 1347-48 (11th Cir. 2006) (quoting *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003)).  The complaint alleges as follows:

> Egar Castlberry is not a licensed realtor in the state of Alabama and he acts as a corporation.  He has no contract on the deal we made about me owning the house.  We have a 3 month lease for his purposes of a probation period between hisself and the tenant.  I passed the probation period expecting a contract to pay off the balance for ownership.  Instead we went 3 more months without it to find out Mr. Edgar Castleberry had other plans instead.  He went and filed a unlawful detainer/eviction to be served on me.  He already had a lawyer and refused payment offered by the plaintiff.  I gave a security deposit with I haven't received, and most of my gravel, cross tyes, and plants & flowers still on the property I was evicted from.  I only had 24 hrs to move so I lost everything except for clothes, and food.  Due process was not giving in the courts so I didn't see the eviction coming.  1st, 5th, 7th, and 14th Amendment violated.

*See* Complaint, Doc. 1, ¶ 5 (misspellings in original).  Based on the above, the critical issue is whether Castleberry acted under color of state law or whether his alleged actions are fairly attributable to the State.  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 2754, 73 L.Ed.2d 482 (1982); *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992).

The law is clear that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."  *Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1277 (11th Cir. 2003).  Only in rare circumstances can a private party be viewed as a "state actor" for the purposes of an action under § 1983.  For a private person such as Castleberry to qualify as a "state actor" under § 1983, one of the three tests must be satisfied:    (1) "State Compulsion Test" wherein the state has coerced

or significantly encouraged the violative conduct; (2) "Public Function Test" wherein private parties perform a public function that is traditionally the exclusive prerogative of the state; and (3) "Nexus/Joint Action Test" wherein the state has insinuated itself into a position of interdependence with the private party, such that the state and private party are essentially joint participants in an enterprise.  Applying these three tests, Davis presents nothing which remotely establishes Castleberry was a state actor.

Under the "State Compulsion Test," there is absolutely no mention in the complaint that any government official of any kind did anything to coerce or encourage Castleberry to commit the alleged wrongful acts.  The "public function analysis is a stringent test requiring a showing that private actors have been given powers or are performing functions that are 'traditionally the exclusive prerogative of the State." *Weaver v. James Bonding Co.*, 442 F.Supp.2d 1219, 1224 (S.D. Ala. 2006) (quoting *Harvey*, 949 F.2d at 1131).  A private person obtaining a Writ of Possession and evicting Davis from his house is certainly not the exclusive prerogative of the government.  As such, the Public Function Test is not met.  Finally, to satisfy the Nexus/Joint Action Test, "the governmental body and private party must be intertwined in a 'symbiotic relationship.'" *Rayburn v. Hogue*, 241 F.3d 1341, 1348 (11th Cir. 2001) (citations omitted).  Reading the facts in the light most favorable to Davis, this is the only test potentially applicable to the facts.

This joint-engagement theory of § 1983 liability may be referenced a § 1983 conspiracy. *See Harvey*, 949 F.2d at 1133.  "Conspiring to violate another person's constitutional rights violates section 1983. *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283-84 (11th Cir. 2002) (citations omitted).  But, "an allegation that a private defendant misused a valid state statute does not state a cause of action under § 1983." *Dye v. Radcliff*, 174 Fed. Appx. 480, 482

(11th Cir. 2006) (citing *Lugar*, 457 U.S. at 940-41, 102 S.Ct. at 2755-56). "For purposes of 42 U.S.C. § 1983, the plaintiff must plead in detail, through reference to material facts, the relationship or nature of the conspiracy between the state actor(s) and the private persons." *Harvey*, 949 F.2d at 1133 (citing *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir.1984)). A complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory – it is not enough to simply aver in the complaint that a conspiracy existed. *Fullman*, 739 F.2d at 556-57. There are no facts plead which could be reasonably construed to create a § 1983 conspiracy claim against Defendant Castleberry. Thus, he was not a state actor and Davis has no claim under § 1983 and the claims are due dismissal under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

## IV. CONCLUSION

The complaint cannot survive a review under 28 U.S.C. § 1915(e)(2)(B)(ii) as it fails to state a claim for which relief could be granted. Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that the Complaint be **DISMISSED without prejudice**.

It is further **ORDERED** that the parties shall file any objections to the said Recommendation on or before **January 15, 2016**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in

the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 29th day of December, 2015.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE